**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| JAMES and DONNA VINARSKAI, | § | |
|     *Plaintiffs* | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 5:21-CV-1070 |
| | § | |
| HARTFORD LLOYD'S INSURANCE | § | |
| COMPANY, | § | |
|     *Defendant* | § | |

_____

**DEFENDANT HARTFORD LLOYDS INSURANCE COMPANY'S
NOTICE OF REMOVAL**
_____

Defendant Hartford Lloyd's Insurance Company ("Hartford"), pursuant to 28 U.S.C. §§ 1441 and 1446, files this Notice of Removal of the captioned action: Cause No. 2021CI20336 – *James and Donna Vinarskai v. Hartford Lloyd's Insurance Company,* In the 150th Judicial District Court of Bexar County, Texas.   In support of this Notice of Removal, Hartford respectfully submits the following:

1.       Plaintiffs, James and Donna Vinarskai ("Plaintiffs") commenced the state court action by filing their Original Petition (the "Complaint") on September 24, 2021, in the 150th Judicial District Court, Bexar County, Texas.  Hartford was served by certified mail on October 6, 2021.

2.       Hartford has requested certified copies of all process, pleadings, and orders from the 150th Judicial District Court of Bexar County.  A copy of documents contained in the file from Hartford's counsel is being filed with this Notice of Removal.[1]  On receipt, Hartford will supplement this removal with certified copies of the State Court's file.

_____

[1] Exhibit "A" – State Court File from Hartford's counsel.

## CITIZENSHIP

### A. James and Donna Vinarskai

3.     The Complaint avers that Plaintiffs are "residents of Bexar County, Texas…"[2] Real Property Tax Records show that both James and Donna Vinarskai are the owners of the Morningbluff property referenced in the Complaint.[3]

4.     Public records from the Texas Department of Public Safety show that James Vinarskai's address on his Texas Driver's License is the same as the address of the property made the basis of this lawsuit.[4]  Likewise, James Vinarskai's voter registration information lists the same address as his Texas Driver's License.[5]

5.     Public records from the Texas Department of Public Safety show that Donna Vinarskai's address on her Texas Driver's License is the same as the address of the property made the basis of this lawsuit.[6]  Likewise, Donna Vinarskai's voter registration information lists the same address as her Texas Driver's License.[7]

6.     Both James and Donna Vinarskai are citizens of the State of Texas.

### B. Hartford Lloyd's Insurance Company

7.     The Complaint alleges that Hartford is "a property and casualty insurance company doing business in Texas."[8]  In fact, Hartford is an unincorporated association of 10 underwriters, all of whom reside outside of Texas and are citizens of a state other than Texas. The domiciliary states for the underwriters include Connecticut and Illinois only.  For diversity

---

[2] Complaint at ¶ 3.
[3] *See* Exhibit "B" – Documents in Support of Removal.
[4] *Id.*
[5] *Id*.
[6] *Id.*
[7] *Id*.
[8] Complaint at ¶ 2.

purposes, the citizenship of an unincorporated association is determined by the citizenship of each member of the entity.[9]

8.     The members of a Lloyd's plan are the underwriters alone.[10]  The following are the 10 underwriters of Harford Lloyd's Insurance Company listed with their respective states of domicile and citizenship as of the date the lawsuit was filed and the date of this removal:

   a.  Kevin F. Barnett, State of Connecticut;
   b.  Erik I. Haslun, State of Connecticut;
   c.  Donald C. Hunt, State of Connecticut;
   d.  John M. Moynihan, State of Connecticut;
   e.  Gregory J. Manderlink, State of Connecticut;
   f.  Randle L. McKee, State of Illinois;
   g.  Mary B. Nasenbenny, State of Illinois;
   h.  Allison G. Niderno, State of Connecticut;
   i.  Anthony J. Salerno, Jr., State of Connecticut; and
   j.  Terence D. Shields, State of Connecticut.

Because each of the underwriters is a citizen of a state other than Texas, Hartford is not a Texas citizen and there is complete diversity among the parties.[11]

## AMOUNT IN CONTROVERSY

9.     Generally, "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy."[12]  Removal is proper if it is "facially apparent" from the complaint that the claims asserted exceed the jurisdictional amount.[13]  Penalties, exemplary damages, and attorneys' fees are included as part of the amount in controversy.[14]

---

[9] *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-95 (1990).

[10] *Royal Ins. Co. v. Quinn-L Capital Corp.*, 3 F.3d 877, 882 (5th Cir. 1993); *Massey v. State Farm Lloyds Ins. Co.*, 993 F.Supp. 568, 570 (S.D. Tex. 1998) ("In this case, therefore, the citizenship of State Farm Lloyds must be determined solely by the citizenship of its members, or underwriters.").

[11] *Massey v. State Farm Lloyds Ins. Co.*, 993 F. Supp. 568, 569 (S.D. Tex. 1998) ("Because no member of State Farm Lloyds is a Texas resident, complete diversity exists between the parties to this action, and this Court has federal diversity jurisdiction under 28 U.S.C. § 1332."); *Rappaport v. State Farm Lloyds*, 1998 WL 249211 (N.D. Tex. 1998) ("Because the Court finds that State Farm Lloyds is an unincorporated association whose members are completely diverse with Plaintiff, Plaintiff's Motion to Remand is DENIED.").

[12] 28 U.S.C. § 1446(c)(2), *see also Wilson v. Hibu, Inc*., No. 3:13 -CV-2012-L, 2013 WL 5803816, at *2 (ND. Tex. Oct. 28, 2013).

[13] *John H. Carney & Assocs. v. State Farm Lloyds*, 376 F. Supp. 2d 697, 702 (N.D. Tex. 2005) (citing *Allen v. R&H*

10.     The Complaint alleges that Plaintiffs seek "monetary relief less than $250,000.00."[15]   The amount in controversy requirement of 28 U.S.C. § 1332(b) is plainly satisfied based on Plaintiffs' allegations contained in the Complaint.   Furthermore, in this dispute over insurance coverage, Plaintiffs submitted a pre-suit demand to Harford alleging the amounts due:

> "Each and every one of these violations is a direct, producing, and/or proximate cause of at least $32,419.04 in lost policy benefits, $3,416.00 in attorney's fees to-date…"[16]

11.     In the Complaint, Plaintiffs restate that amount, and that the cost to repair their home was "at least $32,419.04 as of January 15, 2021."[17]   Under multiple causes of action, Plaintiffs also assert entitlement to "recovery of exemplary damages in an amount up to three times the combination of Plaintiffs' economic damages and mental anguish damages."[18]   Plaintiffs close the Complaint by seeking "actual, economic, additional, and exemplary damages in an amount within the jurisdictional limits of the court, [r]easonable attorney's fees through trial and appeal, [i]nterest pursuant to Chapter 542 of the Texas Insurance Code on late and unpaid policy benefits…"[19]

12.     The Policy covering Vinarskai's property includes a $500 wind and hailstorm deductible.   Thus, the amount itemized for Policy benefits and attorneys' fees ($35,835.04) minus the deductible totals $35,335.04.   However, Plaintiffs' pre-suit demand includes allegations of

---

*Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)).

[14] *H&D Tire & Automotive-Hardware, Inc. v. Pitney Bowes Inc.*, 227 F.3d 326, 330 (5th Cir. 2000); *see also St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).

[15] Complaint, Introductory Paragraph.

[16] *See* Exhibit "C" – Vinarskai's June 16, 2021 Presuit Demand.

[17] Complaint at ¶ 17.

[18] Complaint at ¶¶ 68, 75, 81,

[19] Complaint at "Request for Relief."

multiple violations of the Texas Insurance Code and Texas Deceptive Trade Practices Act.[20] Plaintiffs' Complaint makes clear that damages of "up to three times the combination of Plaintiffs' economic damages and mental anguish damages" will be requested at the time of trial.[21]   This amount totals at least $106,005.12.

13.     Harford does not admit the underlying facts as alleged by Plaintiffs in the Complaint or as summarized above.   Hartford expressly denies that it has any liability to Plaintiffs or that Plaintiffs' are entitled to the relief requested.

## DIVERSITY JURISDICTION

14.     This Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a), and the matter is removable to this Court pursuant to 28 U.S.C. § 1441(a), because there is complete diversity of citizenship between the Parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

15.     Plaintiffs are citizens of Texas, and Hartford is an unincorporated association, whose members are citizens of Connecticut and Illinois only.

## REMOVAL PROCEDURE

16.     This Notice of Removal is filed within 30 days of service of the Complaint and is therefore timely under 28 U.S.C. § 1446(b).   The clerk of the 150th Judicial District Court of Bexar County, Texas has been provided with notice of this Removal.

17.     The following related documents are attached to this notice and incorporated here by reference:

---

[20] *See* Exhibit "C" – Vinarskai's June 16, 2021 Pre-suit Demand.
[21] Complaint at ¶¶ 68, 75, 81,

a.  Index of Matters being filed;
b.  List of all Parties and Counsel of Record;
c.  Exhibit "A" – Copy of 140th Judicial District Court Bexar, County State Court file from Hartford's counsel (to be supplemented with Certified Copy upon receipt);
d.  Exhibit "B" – Documents in support of diversity jurisdiction; and,
e.  Exhibit "C" – Plaintiff's pre-suit demand.

## **CONCLUSION**

18.     Based on the foregoing, the exhibits submitted in support of this removal, and other documents filed contemporaneously with this Notice of Removal, Hartford Lloyd's Insurance Company removes this case to this Court for trial and final determination.

Respectfully submitted,

*/s/ Martin R. Sadler*
Martin R. Sadler
Texas Bar No.: 00788842
Federal ID No. 18230
sadler@litchfieldcavo.com
LITCHFIELD CAVO LLP
One Riverway, Suite 1000
Houston, Texas 77058
Telephone:  (713) 418-2000
Facsimile:  (713) 418-2001

ATTOERNEY-IN-CHARGE FOR
HARTFORD LLOYDS INSURANCE COMPANY

OF COUNSEL:

E. R. Hamilton
Texas Bar No.: 24068685
Federal ID No.: 1322622
HamiltonE@litchfieldcavo.com
LITCHFIELD CAVO LLP
One Riverway, Suite 1000
Houston, Texas 77058
Telephone:  (713) 418-2000
Facsimile:  (713) 418-2001

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that on this, the 1st day of November 2021, a true and correct copy of the foregoing document was served on all known counsel of record by electronic transmission, pursuant to the Federal Rules of Civil Procedure and applicable Local Rules, as follows:

John Hilary Barkley
State Bar No. 24117384
john@barkleylawgroup.com
Barkley Law Group, Inc.
336 North Main Street, Suite 206
Conroe, Texas 77301
(619) 888-3484
(619) 924-6886 fax

*/s/ Martin R. Sadler*
Martin R. Sadler